Dated: March 10, 2011 10:42:41

The following is ORDERED:



*T.M. Weaver*
T.M. Weaver
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MILLENNIUM MULTIPLE EMPLOYER | ) | CASE NO. 10-13528-WV |
| WELFARE BENEFIT PLAN, | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |

**ORDER GRANTING AMENDED JOINT MOTION FOR APPROVAL
OF ASSUMPTION OF EXECUTORY (LIFE INSURANCE) CONTRACTS**

Before the court is the Amended Joint Motion for Approval of Assumption of Executory (Life Insurance) Contracts (the "Motion"), filed by the Debtor and the Official Committee of Unsecured Creditors (collectively, the "Movants"), (Dkt. 516). Objecting to the Motion is Aviva Life and Annuity Company (Dkt. 582), joined by American General Life Insurance Company (Dkt. 587) and Penn Mutual Life Insurance Company (Dkt. 599), (the objecting parties being described herein collectively as the "Objectors").

The court conducted an evidentiary hearing on the Motion and the Movant's Joint Motion for Approval of Settlement (Dkt. 487), (the "Settlement Motion"), on December 16,

17 and 20, 2010.  At the conclusion of the hearing, the court took the Motion under advisement.  Having reviewed the evidence, the parties submissions, argument of counsel and the applicable law, the court makes the following findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.   The court incorporates herein its Findings of Fact and Conclusions of Law Relating to Order Denying Joint Motion for Approval of Settlement (Dkt. 937).

The Motion requests that the court approve the Debtor's assumption of all life insurance policies ("Policies") listed in the Debtor's bankruptcy schedules, including those Policies insuring the lives of the Litigation Claimants listed on Exhibit A to the Settlement Motion. The Objectors' opposition is based on the proposition that the Debtor should not be allowed to assume the Policies because the Debtor is not the owner of them.  Rather, the legal owner of the Policies is  Republic Bank & Trust Company, in its capacity as Trustee of the Millennium Multiple Employer Welfare Benefit Plan (the "Trustee").   The Objectors observe that, notwithstanding that the Trustee is the legal owner of the Policies, it failed to join in the Motion.

On the essential facts, the parties are not in disagreement.  They admit, as the court found in its ruling on the Settlement Motion, that indeed, the legal owner of the Policies is Republic Bank & Trust Company, as Trustee.  This arrangement is consistent with ERISA requirements that the legal title to assets of an employee welfare benefit plan, such as the Debtor's plan, be held in trust.  This court also found, as the parties admit, that the Debtor is the beneficiary of the Policies.  The Trustee is a directed Trustee, which acts at the instruction of the beneficial owner, the Debtor.

It is further undisputed that the Policies constitute virtually all of the assets of the

2

Debtor.  Pre-petition, the Debtor funded its operations and the payment of employee benefits for its participants from the Policies - including loans against the cash surrender values of Policies, redemption of Policies and death benefits from Policies.

The Motion seeks approval of the assumption of the Policies pursuant to 11 U.S.C. § 365.  Under the express wording of § 365(a), the Debtor may assume an executory contract, but the decision to do so is subject to approval of the bankruptcy court.  No one disputes that the Policies are executory contracts.

Section 365 does not specify the standard the court should apply in determining whether to approve a debtor's decision to assume an executory contract.  However, courts generally apply a "business judgment" test.  That is, the court should examine the executory contract and the surrounding circumstances and apply its "business judgment" to determine if it would be beneficial or burdensome to the estate to assume it.  *Orion Pictures Corp., v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1099 (2nd Cir. 1993).

Because the Policies are needed as a funding source for the Debtor's operations, the Debtor made the business decision to assume the Policies.  The Objectors do not dispute that the Debtor has no source of funding other than from the Policies.  The Objectors simply maintain that the Debtor should not be allowed to assume the Policies because it is not the legal owner of them.

The Debtor is unable to fund its operations or to pay its creditors without using proceeds from the Policies, whether in the form of policy loans or the surrender or redemption of Policies. Whether, in order to obtain funds from the Policies the participation of the Trustee, as legal owner, is required is not an issue to be decided.  The Debtor is in

3

need of funds; the Policies are the only potential source of funds; and it would be beneficial for the estate for the beneficial owner of the Policies to assume them.

As noted, the court is not required to determine the role that the Trustee must play in the Debtor's quest to obtain funds from the Policies.  Presumably, this was not a problem pre-petition in that the Debtor was successful in obtaining funding, at least until the insurers brought interpleader actions in the federal district court.  Further, the court notes that the Trustee appears to have acquiesced in the Motion, for while it did not join in the Motion, it fully participated in the hearing and made no objection to the Debtor's request for approval of the assumption of the Policies.

The Objectors argue that there are unresolved issues concerning the extent of the Debtor's interest in the policies and that these issues are the subject of the interpleader actions brought by some of the Objectors.  This has been a recurring theme of these parties throughout this bankruptcy proceeding. However, the Objectors misapprehend the nature of a motion to assume.  As the court in *Orion Pictures* states:

> At heart, a motion to assume should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial with disputed issues.

*In re Orion Pictures Corp.,* 4 F.3d at 1098-1099.

Since the Policies provide the only source of funding for the Debtor and its creditors, it is in the best interest of the Debtor and the Debtor's estate to assume the Policies. While the Trustee, as legal owner of the Policies, may be a necessary party to the process of obtaining funding from the Policies, the court's failure to approve the assumption by the

4

Debtor could pose an impediment to achieving the desired result.

Movants allege that no cure is required under the Policies as the premium on each of the Policies is paid current. Objectors, however, assert that the Debtor is in default in payment of premiums under one or more of the Policies. No evidence was offered with respect to this issue. For this reason, the court does not order that any cure be required as a condition to the assumption of the Policies by the Debtor.

For the foregoing reasons, the court approves the assumption of the Policies by the Debtor. Accordingly, the Motion is hereby granted.

IT IS SO ORDERED.

# # #

H:\millennium310 2.wpd